# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.R.**

**No. 14-0864** (Calhoun County 13-JA-49)

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Ryan Ruth, appeals the Circuit Court of Calhoun County's August 14, 2014, order terminating her parental rights to seven-year-old M.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of M.R. that supports the circuit court's order and a supplemental appendix. On appeal, Petitioner Mother argues that the circuit court erred in denying her a three-month extension of her post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect proceeding against petitioner alleging deplorable living conditions in her residence, such as 1) holes in the floors, 2) broken windows, and 3) no sewage service. The petition also alleged that petitioner used drugs and that there was a firearm and ammunition within the child's reach.

The circuit court held an adjudicatory hearing during which petitioner admitted that she was an abusive and neglectful parent. Specifically, petitioner stipulated that her home was in a deplorable condition, that she used drugs, that there was a firearm and ammunition within the child's reach, and that she failed to provide M.R. with his basic needs. By order entered on December 20, 2013, the circuit court granted petitioner a six-month, post-adjudicatory period. The terms of petitioner's improvement period directed her to participate in individualized parenting and adult life skills classes, individualized therapy, substance abuse treatment, supervised visitation, maintain contact with Child Protective Services ("CPS"), maintain an appropriate home, and to submit to a psychological evaluation and to follow the recommendations

The DHHR filed a motion to terminate petitioner's improvement period because she failed to make progress during her therapy, continued to have a relationship with the child's father, and failed to attend several supervised visitations. On June 23, 2014, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period and to terminate

1

her parental rights. A CPS worker testified that petitioner refused service providers access to the residence on two different occasions. Doctor Timothy Saar testified that petitioner failed to "admit to any type of faults." The circuit court continued the hearing on the DHHR's motion to terminate to July 21, 2014, at which time several more witnesses testified. Petitioner's therapist, Susan Greathouse testified that petitioner failed to accept the issues that lead to the underlying proceedings. Ms. Greathouse also testified that despite providing petitioner with therapeutic services over the past ten years, petitioner failed to make any noticeable improvement. Service provider Kelsey Borne testified that petitioner missed several supervised visits during her improvement period. Importantly, petitioner admitted that she did not take all of her drug screens and continued to reside with her abusive and neglectful husband.[1] By order entered August 4, 2014, the circuit court denied petitioner an extension of her post-adjudicatory improvement period and terminated her parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner claims the circuit court erred in terminating her parental rights to M.R. because she complied with services. We find no error in the circuit court's order. As we recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Further, this Court has stated that

in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable

---

[1]Petitioner's husband was adjudicated as an abusive and neglectful parent in the underlying proceedings. However, petitioner's husband is not part of this appeal.

and in making an improvement period an exercise in futility at the child's expense.

*W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d. 865, 874 (1996). Our review of the record reveals that petitioner failed to substantially comply with the terms of her improvement period. As noted above, while petitioner participated in her improvement period, she failed to maintain safe and appropriate housing, and failed to "admit to any type of faults." Importantly, despite receiving therapy over the past ten years, petitioner failed to make any noticeable progress towards the goals of her improvement period. Further, none of the evidence in the record reveals that continuing the improvement period would not have substantially impaired the child's permanency or that it would have been consistent with the children's best interests.

For the forgoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II